MILDRED OWENS, Plaintiff-Appellant, *v.* HAROLD McTEER, Defendant-Appellee.

(No. 70-50;

Fifth District—July 24, 1973.

Goldenhersh and Goldenhersh, of East St. Louis, (Michael A. Katz, of counsel,) for appellant.

Oehmke, Dunham, Boman & Leskera, of East St. Louis, (Robert D. Francis, of counsel,) for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Madison County, wherein a complaint filed by plaintiff, Mildred Owens, the

owner and operator of a liquor store, sought as a result of a suit filed under the Dram Shop Act (Ill. Rev. Stat. (1967), ch. 43, par. 135), to recover indemnity against defendant, Harold McTeer, was dismissed.

The only issue is whether one who is sued under the Illinois Dram Shop Act may bring an action for indemnity against an alleged intoxicated person for the acts of the alleged intoxicated person which result in a suit against the alleged tavern or liquor store owner.

The issue has been resolved by our Supreme Court in *Wessel v. Carmi Elks Home, Inc.*, 54 Ill.2d 127, 295 N.E.2d 718, in which it was held that as a matter of law those who may incur liability under section 14 of article IV of the Liquor Control Act (Ill. Rev. Stat. (1971), ch. 43, par. 135) may not seek indemnity from one, who being in an intoxicated condition, committed a tortious act which gives rise to the dram shop action.

We therefore affirm.

G. MORAN and JONES, JJ., concur.